Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ISMAEL HERRERO DOMENECH Y LA CLASE compuesta por todos los consumidores residenciales de ENERGÍA ELÉCTRICA CLIENTES DE LUMA ENERGY, LLC DE PUERTO RICO<br><br>Recurridos<br><br>v.<br><br>LUMA ENERGY, LLC y otros<br><br>Peticionarios | KLCE202301359 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Sobre: Reclamación bajo la Ley de Acción de Clase por Consumidores de bienes y Servicios, según enmendada, 33 LPRA sec. 3341, Enriquecimiento injusto, Incumplimiento de contrato, Dolo, Daños y Perjuicios<br><br>Caso Núm.: SJ2022CV02868 |
| WENDCO OF PUERTO RICO; MULTISYSTEM RESTAURANT, INC.; RESTAURANT OPERATORS, INC.; APPLE CARIBE, INC. por sí y en representación de todos los comerciantes que hacen negocios en el Estado Libre Asociado de Puerto Rico y son abonados de LUMA Energy, LLC, (LA CLASE A); MANUEL COUVERTIÉ BARRERA por sí y en representación de todos los abonados residenciales de LUMA ENERGY LLC, (LA CLASE B)<br><br>Recurridos<br><br>v.<br><br>LUMA ENERGY, LLC y otros<br><br>Peticionarios | | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Sobre: Sentencia declaratoria, Reclamación bajo la Ley de Acción de Clase de Consumidores de Bienes y Servicios, según enmendada, 32 LPRA sec. 3341<br><br>Caso Núm.: SJ2022CV03139 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

Número Identificador
RES2024 _____

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de febrero de 2024.

Comparece LUMA Energy LLC (en adelante, "LUMA o parte peticionaria"), que revisemos la *Resolución* emitida el 6 de noviembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, "TPI"). Allí, fue denegada la solicitud de desestimación por falta de parte indispensable presentada por LUMA.

Examinados los escritos de las partes, resolvemos **denegar** la presente petición de *certiorari*. **Veamos.**

**-I-**

Surge del expediente que, el **4 de abril de 2022** sucedió un incidente en la Central Costa Sur de la Autoridad de Energía Eléctrica (en adelante, "AEE"), esto provocó una interrupción en el servicio eléctrico en varias zonas de Puerto Rico.

Ante tal situación, el Sr. Ismael Herrero Domenech, por sí y en representación de la clase compuesta por todos los consumidores residenciales de energía eléctrica clientes de LUMA (en adelante, "Clase I"), presentó una *Demanda de Clase* el **13 de abril de 2022**.[2] La Clase I formuló varias causas de acción, entre ellas: culpa o negligencia en el cumplimiento de sus obligaciones, enriquecimiento injusto y daños. Por lo cual, reclamó una indemnización estimada en $100 millones por los daños sufridos.

Por otro lado, WendCo of Puerto Rico, Inc. y otros (en adelante, "Clase A"),[3] junto a el Sr. Manuel Couvertié Barrera, por sí y en representación de todos los abonados residenciales de LUMA (en

---

[1] Notificada el 13 de noviembre de 2023.

[2] Apéndice 1 de la *Petición de Certiorari,* págs. 1 – 10.; En la misma fecha, se presentó una *Demanda Enmendada.* Véase, Apéndice 3 de la *Petición de Certiorari*, págs. 15 – 23.

[3] La Clase A se compone de: *WendCo of Puerto Rico, Inc.*; *MultiSystem Restaurant, Inc.*; *Restaurant Operators, Inc.*; *Apple Caribe, Inc.*; todos por sí y en representación de los comerciantes que hacen negocios en Puerto Rico.

adelante, "Clase B"), instaron una Demanda de Clase contra LUMA el **24 de abril de 2022**.[4] La **Clase A** reclamó daños ascendentes a $300 millones por conceptos de pérdidas económicas a causa del incidente ocurrido el 6 de abril de 2022. Además, la **Clase A** y la **Clase B** solicitaron la suma de $10 millones en conceptos de daños causado por la negligencia de la peticionaria.

A solicitud de la **Clase I**,[5] el **17 de mayo de 2022** el TPI consolidó ambos pleitos (en adelante, "La Clase o recurridos").[6]

Luego, LUMA compareció el **29 de julio de 2022** mediante una *Moción Informativa para Notificar el Traslado del Pleito al Tribunal de Distrito Federal de Puerto Rico*.[7] Indicó, que había presentado un *"Notice of Removal"* de los casos ante el Tribunal Federal para el Distrito de Puerto Rico (en adelante, "Tribunal Federal"), bajo el procedimiento del Título III de la ley *Puerto Rico Oversight, Management and Economic Stability Act* (en adelante, "PROMESA").  Por lo cual, el TPI emitió el **12 de agosto de 2022** una sentencia decretando la paralización de los procedimientos.[8]

Varios trámites procesales después, el **18 de enero de 2023** el Tribunal Federal emitió un *"Memorandum Order Overrruling Objections and Adopting Report and Recommendation"*.[9] Entre otras cosas, concluyó que las controversias presentadas por LUMA no eran relevantes en el caso de quiebra de la AEE. Por ello, recomendó la devolución del caso al TPI.

En oposición a la reapertura de los procesos en el foro local, LUMA presentó su escrito el **2 de febrero de 2023**.[10] Alegó que el proceso ante el TPI debía continuar paralizado hasta tanto se

---

[4] Véase, Apéndice 5 de la *Petición de Certiorari*, págs. 29 – 41.
[5] Ambos casos fueron trasladados a Ponce, dado que el incidente ocurrió fue en Guayanilla, PR. Véase, Apéndices 8 y 9 de la *Petición de Certiorari*, págs. 44,45.
[6] Apéndice 10 de la *Petición de Certiorari*, págs. 46 – 63.; Véase, además; Apéndice 11 de la *Petición de Certiorari*, pág. 64.
[7] Apéndice 12 de la *Petición de Certiorari*, págs. 65 – 155.
[8] Notificada el 15 de agosto de 2022.; Apéndice 13 de la *Petición de Certiorari*, págs. 156 – 158.
[9] Apéndice 14 de la *Petición de Certiorari*, págs. 161 – 168.
[10] Apéndice 15 de la *Petición de Certiorari*, págs. 170 – 172.

resolviera el proceso bajo el Titulo III de PROMESA. Señaló, además, que dicho proceso involucra a la AEE como parte indispensable para el caso ante el foro de instancia.

La Clase replicó el **3 de marzo de 2023**, esencialmente, adujo que la AEE no era una parte indispensable.[11] Adujo que, el Tribunal Federal decidió no asumir jurisdicción, ya que no existía un impacto sustancial en el caudal de la AEE. Por su parte, LUMA reiteró sus argumentos para mantener paralizado los procedimientos.[12] Además, argumentó las razones por las cuales la AEE era un parte indispensable en el presente pleito. Entre ellas, indicó que el mantenimiento y la operación en cuyas alegaciones se fundamentan eran responsabilidad de la AEE.

Celebrada una vista argumentativa,[13] y en cumplimiento de orden, LUMA presentó el **5 de junio de 2023** una *Moción de Desestimación.*[14] Allí, reiteró las razones por las cuales la AEE debe ser considerada una parte indispensable, y consecuentemente, solicitó la desestimación. Sin embargo, La Clase se opuso a la solicitud sometida,[15] y la parte peticionaria replicó.[16]

Mediante *Resolución* emitida el **6 de noviembre de 2023**, el TPI denegó la *Moción de Desestimación* sometida por LUMA.[17] En lo pertinente, expresó:

> *[L]uego de analizadas las alegaciones contenidas en la demanda en la forma más favorable a los demandantes — según lo requerido por el esquema vigente en nuestro ordenamiento jurídico en torno a las mociones de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, supra— así como el derecho aplicable, dando por ciertas las alegaciones bien hechas las demandas de epígrafe a los efectos de resolver la solicitud de desestimación, determinamos que la AEE no es parte indispensable del presente caso. Entendemos que, de probarse en su momento la veracidad de estas alegaciones, existe la posibilidad de que*

---

[11] Apéndice 18 de la *Petición de Certiorari*, págs. 175 – 178.
[12] Apéndice 19 de la *Petición de Certiorari*, págs. 179 – 182.; Apéndice 20 de la *Petición de Certiorari*, págs. 183 – 536.
[13] Apéndice 27 de la *Petición de Certiorari*, págs. 545 – 547.
[14] Apéndice 28 de la *Petición de Certiorari*, págs. 548 – 559.132.
[15] Apéndice 34 de la *Petición de Certiorari*, págs. 568 – 589.
[16] Apéndice 37 de la *Petición de Certiorari*, págs. 596 – 605.
[17] Notificada el 13 de noviembre de 2023.; Apéndice 39 de la *Petición de Certiorari*, págs. 608 – 620.

*los demandantes tengan derecho un remedio a su favor.*[18]

Acogida la solicitud de reapertura, el **16 de noviembre de 2023**, el TPI ordenó la continuación de los procedimientos.[19]

Inconforme, LUMA recurrió el **4 de diciembre de 2023** ante nos y señaló la comisión del siguiente error:

> *PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN DE LUMA A PESAR DE QUE EN EL PRESENTE CASO FALTA UNA PARTE INDISPENSABLE SIN CUYA PRESENCIA EL TRIBUNAL NO ESTÁ EN POSICIÓN DE RESOLVER LAS CONTROVERSIAS PLANTEADAS.*

Por su parte, **13 de diciembre de 2023** compareció La Clase mediante el escrito intitulado: *"MEMORANDO CONJUNTO EN OPOSICIÓN A EXPEDICIÓN DE CERTIORARI"*.

Con el beneficio de la comparecencia de ambas partes, damos por sometido el asunto.

**-II-**

**-A-**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[20]

Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[21]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar*

---

[18] Apéndice 39 de la *Petición de Certiorari*, pág. 620.

[19] Notificada el 17 de noviembre de 2023.; Apéndice 41 de la *Petición de Certiorari*, págs. 624 – 626.

[20] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[21] *García v. Asociación,* 165 DPR 311, 321 (2005).

*órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].[22]*

También, la Regla 40 del Reglamento de este Tribunal de Apelaciones nos permite ejercer la discrecionalidad a través los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[23]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[24]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[25]

**-B-**

---

[22] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[23] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[24] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[25] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

La Regla 10.2 de Procedimiento Civil, establece las defensas mediante las cuales una parte demandada puede solicitar la desestimación de la causa de acción que se insta en su contra. Esta regla dispone, en lo pertinente, que:

> *Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:*
> *(1) falta de jurisdicción sobre la materia;*
> *(2) falta de jurisdicción sobre la persona;*
> *(3) insuficiencia del emplazamiento;*
> *(4) insuficiencia del diligenciamiento del emplazamiento;*
> *(5) dejar de exponer una reclamación que justifique la concesión de un remedio;*
> **(6) dejar de acumular una parte indispensable.**
> *[...][26]*

Por su parte, la Regla 16.1 de Procedimiento Civil, dispone que la parte indispensable se trata de *"personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda"*.[27]

Se ha precisado que el *"interés común"* al que hace referencia la Regla 16.1, *supra,* no es cualquier interés en el pleito, sino que tiene que ser real e inmediato y no puede tratarse de meras especulaciones o de un interés futuro que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente.[28]

En acuerdo con lo anterior, la falta de parte indispensable en un pleito es un interés tan fundamental, que constituye una defensa irrenunciable que puede presentarse en cualquier momento durante el proceso.[29] Incluso, los foros apelativos, si así lo entienden, pueden y deben levantar *motu proprio* la falta de parte indispensable en un pleito, debido a que ésta incide sobre la jurisdicción del tribunal.[30]

---

[26] 32 LPRA Ap. V, R. 10.2.
[27] 32 LPRA Ap. V, R. 16.1.
[28] *Ex Parte RPR & BJJ,* 207 DPR 389, 407 – 410 (2021).; *López García v. López García,* 200 DPR 50, 64 (2018).
[29] *Id.* a la pág. 65.
[30] *Id.*

**-III-**

En esencia, LUMA nos plantea que el TPI incidió al no desestimar la demanda ante la falta de una parte indispensable, ya que arguye que la AEE es una parte indispensable sin cuya participación las reclamaciones instadas no pueden resolverse.

No obstante, nada impide que LUMA pueda traer al pleito a la AEE. Además, la parte peticionaria no señaló prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto.

Así, en el ejercicio de la sana discreción que nos permite la citada Regla 40 del Tribunal Apelaciones, resolvemos denegar la presente petición de *certiorari*.

**-IV-**

Por lo antes expuestos, **denegamos** la petición de *certiorari* epígrafe.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones